IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV345-03-MU

| | |
|---|---|
| EMMANUEL ALEXANDER PARRISH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| ALVIN KELLER, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed on July 29, 2010 (Doc. No. 1) and "Application to Proceed in District Court Without Prepaying Fees or Costs" (Doc. No. 1-1.) For the reasons stated herein, the instant Petition will be <u>dismissed</u> without prejudice.

With respect to Petitioner's Application to Proceed without Prepayment of Fees, the filing fee for a habeas petition is $5.00. Petitioner's application reflects that he is currently incarcerated at Brown Creek Correctional Institution Petitioner's inmate cash account history reflects a current balance of $.11 and occasional deposits due to gifts in the range of $20.00 each. Petitioner also indicated that he has no money in a bank account and is not owed any money from anyone . Therefore, it appears that Petitioner does not have sufficient resources with which to pay the $5.00 filing fee and his Application is granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the Petitioner's Petition reveals that Petitioner was convicted following a guilty plea of robbery with a dangerous weapon and was sentenced to 61 to 83 months

1

imprisonment. Following his conviction, Petitioner concedes that did not file a direct appeal to the North Carolina Court of Appeals. Instead, he filed a pro se petition fr writ of certiorari in the North Carolina Court of Appeals. On June 28, 2010, the North Carolina Court of Appeals dismissed his petition for writ of certiorari without prejudice to file a motion for appropriate relief (MAR) in superior court. According to Petitioner's Petition, he then filed an MAR in Mecklenburg County Superior Court in July, 2010 and his MAR is has not yet been decided and is still pending.

## II. ANALYSIS

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). Comity dictates that when a prisoner alleges that his confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review the claim and provide any necessary relief. Rose v. Lundy, 455 U.S. 509, 515-516 (1982). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims in state court. To satisfy the fair presentation requirement, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." Id. at 845. If a claim has been addressed by the state's highest court on either direct or

collateral review, it is exhausted . . . . Id. at 844.

Here, according to his Petition, Petitioner did not file a direct appeal following his conviction. However, he states that he did file a petition for writ of certiorari in the North Carolina Court of Appeals. Such petition was dismissed without prejudice to file an MAR. Petitioner then filed his MAR, which is currently pending. Therefore, Petitioner's claims have not been addressed by the state's highest court on either direct or collateral review. Petitioner's Petition is therefore unexhausted and his petition is dismissed.

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED** without prejudice and his Application to Proceed without Prepayment of Fees is **GRANTED**.

**SO ORDERED**.

Signed: August 2, 2010

Graham C. Mullen
United States District Judge